## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

TOM BEGAYE,

    Defendant-Movant.

No.    CV 19-587 WJ/GJF
          CR 16-2376 WJ

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). CV ECF 3.[1]  Defendant contends that (1) his Fifth Amendment right against self-incrimination was violated during a competency evaluation, (2) his counsel failed to raise this violation with the Court, and (3) his guilty plea was not knowing and voluntary. The United States responded [CV ECF 11], but Defendant did not reply.  Having reviewed the briefing and the record, the Court **RECOMMENDS** that the Motion be **DENIED** for the reasons that follow.[2]

---

[1] Unless otherwise identified, all docket citations are to CR 16-2376 WJ.

[2] Before issuing this PFRD, the Court considered whether an evidentiary hearing was necessary, as instructed by Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Because the outcome of this Motion turns on matters of law and its recommended disposition requires no further factual development, the Court concluded that no evidentiary hearing was necessary.

## I.   BACKGROUND[3]

On May 24, 2016, a federal grand jury charged Defendant with violations of (1) 18 U.S.C. §§ 1153 and 1111 (First Degree Murder in Indian Country), (2) 18 U.S.C. §§ 1153 and 1111 (Felony Murder in Indian Country), (3) 18 U.S.C. §§ 1153, 1201(a)(2) and 1201(g) (Kidnapping a Minor in Indian Country Resulting in Death), (4) 18 U.S.C. §§ 1153, 2241(c), 2246(2)(C), and 2245 (Aggravated Sexual Abuse (Digital) Resulting in Death), (5) 18 U.S.C. §§ 1153, 2241(c), 2246(2)(A), and 2245 (Aggravated Sexual Abuse (Penile) Resulting in Death), and (6) 18 U.S.C. §§ 1153, 1201(a)(2) and 1201(g) (Kidnapping of a Minor).  Indictment, ECF 11.  On July 13, 2016, Defendant moved for a competency evaluation, ECF 22, which the Court ordered on July 19, 2016. ECF 25.  On October 11, 2016, the Court received a Competency and Psychological Evaluation conducted by Mercedes Marshal, Ph.D., which, among other things, found Defendant competent to proceed.  ECF 29.  On November 2, 2016, Defendant was then committed to the custody of the Attorney General to determine his competency to stand trial.  ECFs 31, 33.

The resulting Psychological Evaluation Report was filed with the Court on January 13, 2017, ECF 35, and the Court held a Preliminary Psychiatric Report Hearing on January 25, 2017. *See* ECFs 36, 37, 39.  On June 28, 2017, the Court adopted "the finding of Mr. Tom Begaye Jr. being competent to stand trial in this matter as contained in Dr. Johnson's report."  ECF 46.

On August 1, 2017, pursuant to Federal Rule on Criminal Procedure 11(c)(1)(C), Defendant pled guilty.  See ECFs 47 (Plea Agreement), 48 (Clerk's Minutes for Plea Hearing).  In the Plea Agreement, the parties contracted that Defendant would receive a sentence of life imprisonment on each count.  ECF 47.  The following factual basis—which Defendant admitted to in his Plea Agreement and reaffirmed on the record at his plea hearing—supported these

---

[3] Given that the Court's recommendation rests on timeliness, the Court limits its summary of the facts to only those associated with the procedural history.

charges:

> On or about May 2, 2016, I kidnapped Jane Doe (A.M.), who was eleven years old, and John Doe (I.M.), who was nine years old.  At the time, I was over the age of eighteen.  I was not Jane or John Doe's parent, grandparent, brother, sister, aunt, or uncle and I did not have legal custody of the children.  I tricked both children into getting into my van by offering them a ride home.  I wanted to get Jane Doe alone so that I could do sexual things to her.  I did not drive the children to their home and instead, drove them to a location on the Navajo Nation known as the Shiprock Monument or the "Shiprock Wall."  I went to that area because people do not usually go there and I did not want anyone to see what I planned and was going to do [sic] Jane Doe.
>
> When we arrived at Shiprock Monument or the "Shiprock Wall," I told Jane Doe to get out of the van and told John Doe to stay inside the van.  I then took a tire iron from the back of my van and hid it under my jacket. I wanted to hide it from both children.  I then walked Jane Doe to an area where John Doe could not see us and knowingly engaged in sexual acts with Jane Doe.  I forcibly held Jane Doe and removed her clothes.  I placed my penis inside of Jane Doe's vagina and anus and also placed my finger inside her genital opening with the intent to abuse her and gratify my sexual desire.
>
> While sexually abusing and kidnapping Jane Doe, I caused her death.  I willfully, deliberately, maliciously, and with premeditation killed Jane Doe by strangling her and repeatedly hitting her on her head and her face with the tire iron I had taken from the back of my van.  I then put some of Jane Doe's clothes back on her body and walked back to my van.  I did not try to get Jane Doe help or medical treatment and left her outside laying on the ground.  When I got back to my van, I told John Doe to get out of the van. I drove away and left John Doe behind.
>
> Finally, I am an Indian as that term is defined by federal law and am a registered member of the Navajo Nation. I know that everything that I have described above took place in Indian Country within the District of New Mexico.

ECF 47, 7-8 ("Plea Agreement"); *See* Plea Hr'g Tr., ECF 69, 22:19-27:16.  The Court accepted

Defendant's guilty plea.  Plea Hr'g Tr 31:7-24.

On August 25, 2017, the Court received the initial Presence Report ("PSR"), ECF 49, and

on September 12, 2017, an amended PSR.  *See* ECF 53.  Neither party objected to either version

of the PSR, which recommended a sentencing guideline range of life imprisonment.  *Id*. at ₱ 100.[4]

---

[4] The Government did file a sentencing memorandum.  *See* ECF 58.

On October 20, 2017, the Court sentenced Defendant to life imprisonment on each count of conviction in the indictment. See ECF 60 (Clerk's Minutes for Sentencing Hearing). Final Judgment was entered on October 27, 2017, ECF 61, and an Amended Judgment followed on October 31, 2017. ECF 62 (correcting clerical error). On June 25, 2019, nearly one year and eight months later, Defendant filed the instant § 2255 motion. ECF 65, CV ECF 3.

## II.  DEFENDANT'S CLAIMS

In his motion, Defendant appears to assert three discrete grounds for relief:

1.  His Fifth Amendment right against self-incrimination was violated during a competency evaluation. *See* Mot. 3, ECF 65.

2.  His plea was not knowing and voluntary. *Id*. at 4-6.

3.  Ineffective assistance of counsel stemming from the above two claims. *Id*. at 3-4.

For relief, Defendant requests an evidentiary hearing, the opportunity to plead guilty to a "lesser included offense," and a reduced sentence. *Id.* at 8.

## III.  UNITED STATES' RESPONSE

The United States asserts that Defendant's claims are entirely without merit. *See* Resp., *passim*. The United States first contends that Defendant inexcusably failed to file his Motion within the one-year statutory time period, thus his Motion should be dismissed. *Id.* at 11-13. The United States further argues that Defendant cannot establish that defense counsel was ineffective. *Id*. at 16. Specifically, the United States asserts that Defendant's psychological evaluation did not offend the Fifth Amendment and, even if it did, Defendant cannot establish that he was prejudiced by defense counsel's failure to raise the issue before the Court. *Id*. at 15-16. Lastly, the United States argues that defense counsel adequately represented Defendant during the plea hearing. *Id*.

at 17-20. [5]

## IV.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct [his] sentence," when, *inter alia*, "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  To state a cognizable claim for relief under Section 2255, a defendant must allege that the "error constituted a fundamental defect which inherently result[ed] in a complete miscarriage of justice."  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds).  A court must presume "that the proceedings leading to the conviction were correct."  *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

Because the Defendant is pro se, the Court liberally construes his filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## V.  ANALYSIS

The Court will begin and end its analysis with the one-year limitation period imposed by 28 U.S.C. § 2255(f).

### A.  Defendant's Motion Is Untimely as a Matter of Law

#### 1.  *Legal Standard*

Pursuant to 28 U.S.C. § 2255, a one-year statute of limitations period runs from the latest

---

[5] As mentioned *supra* at 1, Defendant did not file a reply brief.  Under the Local Rules, that reply was due no later than 14 days after the United States filed its response.  *See* D.N.M.LR-Civ. 7.4 and D.N.M.LR-Cr. 47.8(a).  To date, now some 77 days later, Defendant still has not replied.  The Court recommends that Defendant be deemed to have waived and forfeited his right to do so.

of four possible dates:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 2. *Statutory Tolling*

Given that Defendant's conviction became final more than one year before he filed the instant Motion, his Motion is untimely unless any subsection in § 2255(f)(2)-(4) tolls the limitation period. Beginning with § 2255(f)(2), the Court notes that Defendant does not allege—and the facts do not support—that an "unconstitutional practice prohibited him from accessing the court to 'attack his sentence or to challenge the conditions of his confinement,' which is required for statutory tolling under § 2255(f)(2)." *United States v. Sheridan*, 561 F. App'x 689, 692 (10th Cir. 2014) (unpublished) (quoting *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)). Nor does Defendant argue that his Motion is timely under § 2255(f)(3), and the Court is not aware of a new right that is retroactively applicable on collateral review that would be of any relevance here. *See United States v. Hopkins*, 920 F.3d 690, 698 (10th Cir. 2019) ("To determine whether [a defendant's] motion [is] timely under § 2255(f)(3), [a court] must evaluate whether [the asserted Supreme Court case] recognized a new right that is retroactively applicable on collateral review.").

Lastly, § 2255(f)(4) is inapplicable.  "Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts."  *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (unpublished) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).  Defendant seeks to collaterally attack his guilty plea on Fifth and Sixth Amendment grounds, neither of which rely on facts recently discovered.  Rather, the facts Defendant relies on to support his theories were readily available at the time the of alleged constitutional violations, which occurred before final judgment was entered.  For these reasons, Defendant's Motion cannot be statutorily tolled.

3. *Equitable Tolling*

Separate and apart from statutory tolling, courts also recognize that "§ 2255's one-year limitations period is subject to equitable tolling."  *United States v. Halcrombe*, 700 F. App'x 810, 814 (10th Cir. 2017) (unpublished).  Equitable tolling is only available, however, when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Id*. at 815 (quoting *Marsh*, 223 F.3d at 1220); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).  Such circumstances include (1) "when a prisoner is actually innocent," (2) "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing," (3) "when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period[,]" and (4) "[a]n attorney's misconduct or 'egregious behavior.'"  *Id*. (citations omitted).  The burden falls on the Defendant to demonstrate "'specific facts to support his claim of extraordinary circumstances and due diligence,' and to satisfy this burden the petitioner must 'allege with specificity the steps he took to diligently pursue his federal claims.'"  *Id*. (quoting *Yang v. Archuleta*, 525 F.3d 925, 928,

930 (10th Cir. 2008)).

Defendant's Motion does not demonstrate either that he diligently pursued his claims or that extraordinary circumstances prevented his timely filing of them.  Nor does the record support that Defendant diligently pursued his claims, *see* ECF 63 (request for case file approximately 16 months after final judgment), and nothing in the record demonstrates that Defendant's tardiness was the result of exceptional circumstances.  Simply put, there is no factual basis whatsoever to support the application of equitable tolling.

## VI.  CONCLUSION

It is not often that the application of a statute compels a result with the crystalline clarity that § 2255(f) does here.  Because the Amended Judgment was filed on October 31, 2017, Defendant was required to file his Motion not later than October 30, 2018.  Given that Defendant did not file his Motion until nearly eight months after that deadline, the Motion is inexcusably late.  Therefore, the Court recommends that Defendant's Motion be **DENIED** and this case **DISMISSED WITH PREJUDICE.**  The Court further recommends that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability be **DENIED**.

**SO RECOMMENDED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**